WIGGINTON, Judge.
Costello appeals the trial court’s denial of a habeas corpus petition in which he had requested a hearing and release from “Close Management I” (CM-1) confinement at Florida State Prison. Because it appears Costello’s petition stated a preliminary basis for relief and was not meaningfully refuted by the respondents, we believe the trial judge erred in dismissing this cause.
The petition alleged that Costello, a prisoner at the Lake Butler Reception and Medical Center, was transferred to CM-1 confinement at Florida State Prison as a direct result of prison officers finding contraband hidden in his belongings. In the petition, he admitted that a firearm was discovered in a radio and that an information charging him with its possession had been filed in circuit court, but he denied having possession or control of the radio. The petition stated that Costello had not been accorded a hearing. The respondents, prison system personnel, filed a motion to dismiss, asserting various legal deficiencies in Costello’s petition and arguments. The trial judge denied the petition for habeas *444 corpus, citing, without comment, the case of Despres v. Strickland, 408 So.2d 1092 (Fla.1981).
Unfortunately, neither we nor the trial court can determine the applicability of Despres because the supreme court published no opinion, issuing instead a terse denial of habeas corpus in that case. Therefore, neither we nor the trial court can glean the facts or properly speculate as to the holding. On appeal, the respondents now argue that Despres was a five-time prison escapee whose confinement was justified to prevent another escape; this, they argue, similarly justifies Costello’s confinement. However, the record presented here does not contain evidence that Costello is an habitual escape risk. In fact, the unrefuted facts in the petition establish that Costello’s long prison record is “exemplary.”
Generally speaking, the test to determine whether certain pretrial detainment violates a detainee’s due process rights is whether the detainment amounts to punishment. Bell v. Wolfish, 441 U.S. 520, 535-37, 99 S.Ct. 1861, 1871-73, 60 L.Ed.2d 447 (1979). In other words, detainment cannot be permitted unless the state establishes that it is reasonably related to a legitimate governmental objective. See 441 U.S. at 539, 99 S.Ct. at 1874. We need not pass judgment on whether the guidelines for selecting prisoners for CM-1 confinement, as expressed in Florida Administrative Code Rules 33-3.081(2)(b)(1) or 33-3.-081(4), bear a reasonable relation to the legitimate and important goals of insuring a prisoner’s appearance at trial and maintaining the security of the institution. Here, the state has not established that Costello falls within those guidelines.
On this sparse record we are presented, through Costello’s recitation of facts in his petition, with an “exemplary” prisoner who is awaiting trial on charges that he possessed contraband which was found secreted in items that he neither possessed nor controlled. In filing a motion to dismiss, without responding to the petition’s merits, the respondents have not clearly shown that Costello has taken part in recent violent demonstrations, is an extreme escape risk, has exhibited a pattern of behavior requiring discipline, has caused injury or death, has been involved with acts which seriously interfere with the prison staff or their work, or that he would otherwise be a threat to safety or security. See Fla.Admin.Code Rules 33-3.081(2)(b)(1)(a)-(e); 33-3.081(4). In other words, there is no showing that Costello belongs in CM-1 confinement.
Consequently, we believe the trial court should make further inquiry. See Parker v. Cook, et al., 642 F.2d 865 (5th Cir. 1981). Although the Department of Corrections has promulgated rules to satisfy prisoners’ due process interests relating to administrative confinement, Florida Admin.Code Rule 33-3.081(5), the state does not contend that a hearing was held for Costello.
Accordingly, the order of the trial court is vacated and this cause is remanded with instructions that the state be permitted to respond properly to the judge’s order to show cause, directing its arguments, if any, to the merits of. Costello’s petition.
SHIVERS and SHAW, JJ., concur.